IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:16-CR-116-D-18

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| RYAN ERIC CARR, ) | |
| ) | |
| Defendant. ) | |

On February 5, 2018, Ryan Eric Carr ("defendant" or "Carr") pleaded guilty to conspiracy to knowingly and intentionally possess with the intent to distribute a quantity of a mixture and substance containing a detectable amount of cocaine and a quantity of marijuana in violation of 21 U.S.C. §§ 846, 841(b)(1)(C). He faces a maximum term of imprisonment of 20 years. See 21 U.S.C. § 841(b)(1)(C). After pleading guilty, Carr asked the court to continue him on bail pending sentencing.

In light of Carr's guilty plea to violating 21 U.S.C. § 846 (which falls within 18 U.S.C. § 3142(f)(1)(C) and 18 U.S.C. § 3143(a)(2)), the court had to order Carr's detention unless

> (A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or
> (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and
> (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

18 U.S.C. § 3143(a)(2). Carr does not qualify for release under 18 U.S.C. § 3143(a)(2)(A)(i) or (ii). Moreover, even if he did, Carr did not prove by clear and convincing evidence that he is not a danger to the community. See id. § 3143(a)(2)(B). Indeed, Carr's aggressive and hostile behavior at his Rule 11 hearing almost resulted in a contempt sanction. Furthermore, Carr's behavior on bail before his guilty plea has not been model behavior. See [D.E. 805].

The court also declines to release Carr under 18 U.S.C. § 3145(c). See United States v. Goforth, 546 F.3d 712, 714–16 (4th Cir. 2008). The proffered reasons that defense counsel suggested for releasing Carr on bail do not qualify as "exceptional reasons" under 18 U.S.C. § 3145(c). See, e.g., United States v. Mostrom, 11 F.3d 93, 95 (8th Cir. 1993) (per curiam); United States v. Burnett, 76 F. Supp. 2d 846, 848–50 (E.D. Tenn. 1999); United States v. Mahabir, 858 F. Supp. 504, 508 (D. Md. 1994). Even if they did, Carr failed to "clearly" demonstrate why his detention would not be appropriate. See 18 U.S.C. § 3145(c).

In sum, defendant's request for bail pending sentencing is DENIED. Defendant is REMANDED pending sentencing.

SO ORDERED. This 5 day of February 2018.

JAMES C. DEVER III
Chief United States District Judge

2